JAMES V. FAZIO, III (CSB NO. 183353)
jamesfazio@sandiegoiplaw.com
TREVOR Q. CODDINGTON, PH.D. (CSB NO. 243042)
trevorcoddington@sandiegoiplaw.com
SAN DIEGO IP LAW GROUP LLP
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 792-3446
Facsimile: (858) 792-3447

Attorneys for Plaintiff
PARTS.COM, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARTS.COM, LLC,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>GOOGLE INC.,<br><br>　　　　　Defendant. | CASE NO. **'13CV1074 JLS  WMC**<br><br>**COMPLAINT FOR:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT;**<br>**(2) FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION;**<br>**(3) COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION;**<br>**(4) UNFAIR AND DECEPTIVE TRADE PRACTICES;**<br>**(5) FEDERAL TRADEMARK DILUTION; AND**<br>**(6) STATE TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Parts.com, LLC ("Parts.com") hereby complains of Defendant Google Inc. ("Google") and alleges as follows:

## INTRODUCTION

1. This is an action at law and in equity for federal and state trademark infringement, trademark dilution, unfair competition, and related claims arising under California state law, the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and federal and state common law.

## THE PARTIES

2. Plaintiff Parts.com, LLC ("Parts.com") is a Delaware limited liability company with its principal place of business located at 2196 Carmel Valley Road, 3rd Floor, Del Mar, California 92014.

3. Defendant Google is a Delaware corporation with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. This Court has subject matter jurisdiction over Parts.com's related state and common law claims under 28 U.S.C. §§ 1338(b) and 1367.

5. This Court has personal jurisdiction over Google because Google resides in California and has committed and continues to commit acts of infringement and other violations in California (and in this District), and because Google regularly transacts and conducts business in California (and in this District).

6. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the acts or omissions giving rise to the claims in this action have occurred in this District, and because a substantial part of the property that is the subject of this action is located in this District.

## GENERAL ALLEGATIONS

### Parts.com And Its Mark

7. Parts.com is the online source of over 20 million automotive replacement parts, accessories, catalogues and related automotive materials and equipment for over 40 automobile

-1-

**COMPLAINT**

manufacturers worldwide. Parts.com is the owner of the internet domain www.parts.com and is the owner by assignment of the federally registered trademark parts.com® issued on September 16, 2008 (a copy of which is attached hereto as Exhibit A). Parts.com relies almost exclusively on the internet and its website as a source of business.

8. Since at least January, 2000, Parts.com has been continuously engaged in the business of selling or sourcing automotive replacement parts, accessories, catalogues and related automotive materials and equipment under the parts.com® mark. During that time, Parts.com has expended a significant amount of resources in developing goodwill and brand recognition in and for the parts.com® mark.

**Google's Search Engine**

9. Google owns and operates one of the world's most-widely Internet search engines. A search engine is a computer program that allows computer users to search the World Wide Web for websites containing particular content. Google's search engine is available not only on its website (www.google.com), but also on other popular websites that use its search engine.

10. To use Google's search engine, a World Wide Web user need only type a few words and hit "enter" (or click on the "Google search" button) to receive a list of hyperlinks to web pages that Google identifies as having content response to the user's search query. Web users may then visit these pages by clicking on the links that Google provides. Google maintains and, on information and belief, many consumers believe, that search results Google returns are the product of an objective formula or algorithm that produces "natural" or "organic" results, i.e., web listings the display and placement of which are not affected by payments to Google from website owners.

11. Google, however, does not only provide Internet users with such "organic" search results. Without authorization or approval by Parts.com, Google has sold to third parties the "right" to use the parts.com® mark or terms and phrases including or containing confusingly similar terms, as "keyword" triggers that cause paid advertisements, which Google calls "Sponsored Links," to be displayed above or alongside the "organic" search results. In many cases, the text and titles of these "Sponsored Links" include the parts.com® mark or terms

-2-

**COMPLAINT**

containing the mark.  Thus, when consumers enter the parts.com® mark into a Google search query, instead of being directed to Parts.com's website, Google's "Sponsored Links" may instead misdirect them to third party websites that compete with Parts.com or that unrelated to Parts.com.  On information and belief, the display and placement of these "Sponsored Links" is not arbitrary but rather is substantially determined or influenced by the amount of money Google receives from advertisers.

12. Google's misuse of the parts.com® mark and phrases including the mark in the display of "Sponsored Links" falsely communicates to consumers that Google's advertisers are official or sanctioned Parts.com affiliates, or that Parts.com sponsors or endorses Google's advertisers.

13. Further, when some web users click on the links that Google's advertisers pay to place above or alongside objective "organic" search results in order to seek information about Parts.com's goods or services, they are deceived into thinking that they will be provided with official information about Parts.com's goods and services from Parts.com.  On information and belief, however, some of these links and the websites to which they lead provide no such information.  In fact, in some or many instances, these links lead to websites that offer goods and services competitive with Parts.com.

14. On information and belief, Google also employs other advertising programs that utilize similar types of keywords, including without limitation the parts.com® mark or phrases containing the mark, to cause advertisements to appear on websites across the Internet that themselves display the parts.com® mark or terms containing the mark.  On information and belief, many of these advertisements lead Internet users to websites that are not affiliated or associated with Parts.com.

**Google's Search Engine-Based Keyword Advertising Program**

15. Google's search engine is available through its website at www.google.com.  Google also licenses its search engine to other popular websites such as America Online, Netscape, Earthlink, CompuServe, Shopping.com and ask.com.  In addition, Google invites consumers to affix a "Google Toolbar" at the top of Internet users' Internet browsers that allows

-3-

**COMPLAINT**

users to conduct Google searches even when they are not currently visiting www.google.com or a website that features Google's search engine.

16. Google's Internet advertising programs (and specifically its AdWords program) allow advertisers to place targeted advertising on the results page of a Google search. When a user types a query into Google's search engine, that query can trigger advertisements—or Sponsored Links-that will be displayed in two locations on the search results page: (1) the right hand column of the page under a heading titled "Sponsored Links"; and (2) above the natural search results, with a colored background, next to an insignia that says "Sponsored Links". The ads contain text and a link to the advertiser's website. In order to have their ads appear on Google's search results page, Google advertisers bid on keywords or keywords phrases. If a user's search terms match the keyword or keyword phrase, the advertiser's ad is displayed on the search results pages. According to Google's 2012 Form 10-K at page 33, approximately 95% of Google's revenues is derived from sales of advertising.

17. On information and belief, in a substantial portion of searches, Google's AdWords program makes two distinct uses of a given keyword on behalf of a paying advertiser. First, Google uses the keyword to trigger the "Sponsored Link" advertisements. Second, Google sometimes publishes the keyword as part of the advertisement itself. Accordingly, when the keyword in question is a trademark, Google can make confusing use of that mark in two different ways: (1) as a keyword trigger; and (2) as part of the advertisement itself.

18. On several instances from 2007 to the present, an internet search of the term "parts.com" using Google's search engine returned a result listing two or more sponsored links bearing the title "Parts.com" that linked to the websites of third party entities unrelated or unaffiliated with Parts.com. A copy of two searches conducted on April 18, 2013 and April 26, 2013 are attached collectively hereto as Exhibit B. This same search on other search engines such as ask.com does not return this result. Parts.com does not sponsor a link on Google. Google's sponsored links have caused significant initial interest confusion and have diverted and continue to divert internet traffic and sales leads from Parts.com to unrelated or competitive entities, resulting in lost sales, loss of goodwill, trademark dilution and damages to Parts.com. Upon

information and belief, Google has received significant compensation from advertisers and vendors unaffiliated with Parts.com by illegally using and selling the parts.com® mark as a keyword to advertisers to divert and drive internet traffic to these other advertisers and vendors via Google sponsored links.

19. In 2004, internal studies performed by Google indicated there was significant source confusion among Internet searchers when trademarks were included in the title or body of advertisements. Parts.com's parts.com® mark is included in the title, i.e., hyperlink, of Google's advertisements as alleged herein.

**Google's Willful Infringement and Unwillingness to Refrain From Trademark Infringement**

20. On information and belief, Google has the ability to refrain from infringing trademarks in connection with its keyword search advertising programs like Adwords.

21. Google stated in one of its SEC filings that it formerly did not allow advertisers to use the trademarks of others as keyword triggers. *See*, Google's Form S-1 Registration Statement, Google Inc. dated April 29, 2004 at p. 10.

22. Consistent with that statement, in a declaration filed by Google in the case entitled *American Blind and Wallpaper Factory, Inc. v. Google, Inc., et al.* in the Southern District of New York, Google's Senior Trademark Counsel asserted on April 7, 2004 that Google had the capability to block its advertisers from using non-descriptive trademarks as keyword triggers. *See*, Declaration of Rose A. Hagan in Support of Google's Motion to Dismiss or, In The Alternative, To Transfer Venue, filed April 9, 2004 at ¶ 4.

23. Now, however, Google allows advertisers to purchase specific trademarks as keyword triggers for Sponsored Link advertisements. In its 2004 S-1, Google stated:

> In order to provide users with more useful ads, we have recently revised our trademark policy in the U.S. and Canada. Under our new policy, we no longer disable ads due to selection by our advertisers of trademarks as keyword triggers for the ads.

Google S-1, at p. 10.

24. Google acknowledged that it anticipated additional trademark infringement

-5-

**COMPLAINT**

Proceeding:

lawsuits as a result of its revised advertising policy:

> As a result of this change in policy, we may be subject to more trademark infringement lawsuits . . . . Adverse results in these lawsuits may result in, or even compel, a change in this practice which could result in a loss of revenue for us, which could harm our business.

Google S-1, at p. 10.

25. Conversely, Google maintains an extensive trademark policy regarding confusing use of its own marks. A would-be user of a Google mark must (among other things) "use the trademark only as an adjective, never as a noun or verb, and never in the plural or possessive form," and must put "a minimum of 25 pixels between each side of the logo and other graphic or textual elements on [the user's] web page." Google Permissions, http://www/google.com/permissions/guidelines.html. (last accessed April 30, 2013). In other words, Google instructs the world (among other things) that "you can't mess around with our marks. Only we get to do that. Don't remove, distort or alter any element of a Google Brand Feature. That includes modifying a Google trademark, for example, through hyphenation, combination or abbreviation, such as: Googliscious, Googlyoogly, GaGooglemania. Do not shorten, abbreviate, or create acronyms out of Google trademarks." http://www/google.com/permissions/guidelines.html. (last accessed April 30, 2013). When, for example, a would-be user attempts to use "Google" as a keyword trigger for an advertisement, Google immediately blocks the attempt and indicates: "This ad does not meet our editorial guidelines. Please correct these problems." Yet, Google does not treat the marks of other companies like Parts.com with such respect.

26. For example, a would-be user who attempts to use "Google.com" as part of its advertisement would receive a rejection or disapproval from Google in substantially the following form:

```
===================
Disapproval Reason
===================
```
[Display URL] Inaccurate Display URL: Your display URL must accurately

-6-

**COMPLAINT**

1  reflect the URL of your website. Please follow the guidelines below.

2

3  1. Use the same domain name in your display URL and destination URL.

4  For example, if you're advertising example.com, you can't use google.com

5  as your display URL.

6

7  2. Use the same domain extension in your display URL and destination URL.

8  For example, if you're advertising example.com, you can't use

9  example.co.uk as your display URL.

10

11  3. Don't redirect users to a different destination URL. For example, if

12  you're advertising example.com, example.com can't redirect users to

13  google.com. Redirects used for tracking purposes are fine if the final

14  destination URL uses the same domain as the display URL.

15         27.    On November 20, 2007, attorney Stacy Allen notified Google by letter of Google's

16  unauthorized sponsored links using parts.com and demanded that Google cease and desist from

17  use of the sponsored links to unrelated entities.  A signed copy of that November 20, 2007 letter

18  cannot presently be found.  However, an unsigned copy of that letter, together with an attestation

19  by Allen that the letter was in fact sent, are attached collectively hereto as Exhibit C.  Google

20  never responded to that letter and never ceased unauthorized use of the parts.com sponsored links,

21  which establishes that Google's trademark infringement and other violations of federal and state

22  laws are and have been willful since at least November 20, 2007.

23         28.    On December 28, 2007, Michael Lucas of Intelligentz Corporation emailed Bonita

24  Stewart at Google and again complained of Google's unauthorized use of the parts.com

25  sponsored links to divert Internet traffic away from Parts.com's website.  On January 2, 2008,

26  Ms. Stewart responded to Mr. Lucas's email and suggested that he file for trademark protection of

27  parts.com.  A copy of this email exchange is attached hereto as Exhibit D.  The parts.com®

28  trademark registration certificate issued on September 16, 2008, which was subsequently assigned

from Intelligentz Corporation to Parts.com on January 1, 2012 (a copy of the Notice of Recordation of Assignment dated February 24, 2012 is attached hereto as Exhibit E).

### Google's Unauthorized Use of the Parts.com® Mark

29. Parts.com has not directly or indirectly given Google any permission, authority or license to use or sell the right to use the parts.com® mark for the promotion of the goods or services of any third parties.

30. Nevertheless, Parts.com is informed and believes and based thereon alleges that Google has in fact sold to third party advertisers the right to "use" the parts.com® mark as part of Google's search engine-based advertising program. As a result, Google sells advertising and the links to websites using the parts.com® mark that are unaffiliated and unassociated with Parts.com. In fact, many of Google's "Sponsored Links" containing parts.com draw consumers away from Parts.com's website.

31. Moreover, Google's use of the parts.com® mark within the titles and text that Google posts as part of some "Sponsored Links" misleadingly communicates to users that such links are endorsed or sponsored by Parts.com, or that such websites are official Parts.com affiliates or websites when they are not.

32. Even if users realize that a given website is not affiliated with Parts.com, once users reach the third party advertiser's website while intending to shop for parts.com, initial interest confusion has occurred and the damage to Parts.com is done. Many consumers or users are likely either to stay at the third party advertiser's website or to stop searching for Parts.com's website. Web users may also associate the quality of the products and services offered on the third party advertiser's website with those offered by Parts.com and, if not satisfied with such goods and services, may decide to avoid Parts.com's products and services in the future.

33. Although these examples are illustrative of the problems created by Google, they are not exhaustive and do not describe all the means by which Google's infringing use of the parts.com® mark is likely to mislead or confuse consumers. Because of the dynamic nature of Google's algorithms, programming and display advertising, Google either is misleading or will mislead consumers in innumerable different ways. Accordingly, it is impossible for Parts.com to

-8-

**COMPLAINT**

cure this problem merely by pursuing remedies against Google's third party advertisers.

34. As a result of Google's infringement of the parts.com® mark and other misconduct, Parts.com can demonstrate it has lost revenues from online sales of parts and accessories of at least $2 million per year.

**FIRST CLAIM FOR RELIEF**
**(Federal Trademark Infringement)**

35. Parts.com realleges and incorporates by references paragraphs 1 through 34 of this Complaint as though set forth fully herein.

36. This cause of action arises under Section 32 of the Lanham Act, 15 U.S.C. §1114, for infringement of a federally registered trademark.

37. Google's unauthorized use of the term parts.com to sponsor or provide links to the websites of vendors unaffiliated and unassociated with Parts.com is likely to cause confusion, mistake and/or deception as to the origin or source of the goods and services associated with the Parts.com® mark, to cause initial interest confusion and also to mislead consumers into believing such goods and services originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by Parts.com.

38. Google's unauthorized use in commerce of the keyword or term parts.com to sponsor or provide links to the websites of third party advertisers and vendors unaffiliated and unassociated with Parts.com constitutes infringement of Parts.com's federally registered trademark parts.com®.

39. Google's acts and misconduct alleged herein have caused and will continue to cause Parts.com monetary damages, loss and injury in an amount not yet ascertained but in excess of the jurisdictional requirement of this Court.

40. Google's acts and misconduct alleged herein have been and continue to be willful.

41. Unless and until enjoined by this Court, Google's acts and misconduct will continue to cause Parts.com irreparable damage, loss and injury for which Parts.com has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

**COMPLAINT**

**(Federal False Designation of Origin and Unfair Competition)**

42. Parts.com realleges and incorporates by references paragraphs 1 through 41 of this Complaint as though set forth fully herein.

43. This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), for false designation of origin and unfair competition.

44. As the exclusive owner and user of the parts.com® mark, Parts.com possesses valuable common law rights to the mark and the goodwill associated with it.

45. Google's unauthorized use of the term parts.com to sponsor or provide links to the websites of vendors unaffiliated and unassociated with Parts.com constitutes use in commerce of a false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive actual or potential consumers as to the affiliation, connection, or association of Google with Parts.com, or as to the origin, sponsorship, or approval of Parts.com's goods and/or services by Google, or conversely, of Google's goods and services by Parts.com.

46. Google's unauthorized use of the term parts.com to sponsor or provide links to the websites of vendors unaffiliated and unassociated with Parts.com constitutes use in commerce of a term confusingly similar to Parts.com's parts.com® mark in violation of 15 U.S.C. §1125(a).

47. Google's unauthorized use of the term parts.com to sponsor or provide links to the websites of vendors unaffiliated and unassociated with Parts.com has caused and will continue to cause Parts.com monetary damage, loss and injury in an amount not yet ascertained but in excess of the jurisdictional requirement of this Court.

48. Google's acts and misconduct alleged herein have been and will continue to be willful.

49. Unless and until enjoined by this Court, Google's acts and misconduct will continue to cause Parts.com irreparable damage, loss and injury for which Parts.com has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**(Common Law Trademark Infringement and Unfair Competition)**

50. Parts.com realleges and incorporates by references paragraphs 1 through 49 of this

Complaint as though set forth fully herein.

51. This cause of action arises under California common law for trademark infringement and unfair competition.

52. As the exclusive owner and user of the parts.com® mark, Parts.com possesses valuable common law rights to the mark and the goodwill associated with it.

53. Google's unauthorized use of the term parts.com to sponsor or provide links to the websites of vendors unaffiliated and unassociated with Parts.com constitutes trademark infringement and unfair competition in violation of the common law of California.

54. Google's aforesaid acts of trademark infringement and unfair competition have caused and will continue to cause Parts.com monetary damage, loss and injury in an amount not yet ascertained but in excess of the jurisdictional requirement of this Court.

55. Google's acts of trademark infringement and unfair competition alleged herein have been and will continue to be willful.

56. Unless and until enjoined by this Court, Google's acts of trademark infringement and unfair competition alleged herein will continue to cause Parts.com irreparable damage, loss and injury for which Parts.com has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
**(Unfair and Deceptive Trade Practices)**

57. Parts.com realleges and incorporates by references paragraphs 1 through 56 of this Complaint as though set forth fully herein.

58. Google's unauthorized use of the term parts.com to sponsor or provide links to the websites of vendors unaffiliated and unassociated with Parts.com is causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Google's sponsored links, causing a likelihood of confusion as to Google's affiliation, connection, or association with Parts.com, and otherwise damaging Parts.com and the consuming public. Google's acts and misconduct are likely to mislead and/or deceive the general public and therefore constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of California's Calif. Bus. & Prof. Code § 17200.

59. Google's acts and misconduct alleged herein constitute unfair competition under Section 43a of the Lanham Act, 15 U.S.C. § 1125(a) and trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and are therefore unlawful acts in violation of California Bus. & Prof. Code §§ 17200, *et seq*.

60. Google's unlawful and deceptive business practices present a continuing threat to, and is meant to deceive or mislead members of, the public in that Google continues to promote or sponsor links to websites of vendors of goods and services unaffiliated with Parts.com by wrongfully using and trading on the goodwill of the parts.com® trademark in the display of search results and sponsored links.

61. As a direct and proximate result of Google's acts and misconduct alleged herein, Parts.com has sustained damage, injury and loss for which there is no adequate remedy at law and such damage, injury and loss will continue unless and until enjoined by this Court.  Google's unauthorized use of the term "Parts.com" has caused and is likely to cause substantial injury to the public and to Parts.com.  Parts.com is entitled to injunctive relief and to disgorgement of all of Google's profits and monies caused by its acts of unfair competition.

### FIFTH CLAIM FOR RELIEF
**(Federal Trademark Dilution)**

62. Parts.com realleges and incorporates by references paragraphs 1 through 61 of this Complaint as though set forth fully herein.

63. Since at least 2000, Parts.com has exclusively and continuously promoted and used its federally registered parts.com® mark throughout the United States.  The mark, therefore, has become a famous and well-known symbol of Parts.com as a source of automotive replacement parts, accessories, catalogues and related materials well before Google began providing, promoting, marketing, and sponsoring links to the websites of competitive third party vendors of automotive parts, accessories and catalogues unaffiliated with Parts.com through illegal use and infringement of the parts.com® mark in Google's display of search results and sponsored links.

64. Google is making use in commerce of a mark that dilutes and is likely to dilute the

distinctiveness of Parts.com's parts.com® mark by eroding the public's exclusive identification of the parts.com® mark with Parts.com, tarnishing and degrading the positive associations and connections of the parts.com® mark, and otherwise lessening the capacity of the parts.com® mark to identify and distinguish Parts.com's goods and services.

65. Google's acts and misconduct alleged herein demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with Parts.com's federally registered parts.com® mark to Parts.com's great and irreparable injury.

66. Google has caused and is likely to continue causing substantial injury to Parts.com's goodwill and business reputation, and dilution of the distinctiveness and value of Parts.com's parts.com® mark in violation of 15 U.S.C. § 1125(c). Parts.com is therefore entitled to injunctive relief and to recover Google's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SIXTH CLAIM FOR RELIEF
### (State Trademark Dilution and Injury to Business Reputation)

67. Parts.com realleges and incorporates by references paragraphs 1 through 66 of this Complaint as though set forth fully herein.

68. Since at least 1999, Parts.com has exclusively and continuously promoted and used its federally registered parts.com® mark throughout the United States. The mark, therefore, has become a famous and well-known symbol of Parts.com as a source of automotive replacement parts, accessories, catalogues and related materials well before Google began providing, promoting, marketing, and sponsoring links to the websites of competitive third party vendors of automotive parts and catalogues unaffiliated with Parts.com through illegal use and infringement of the parts.com® mark in Google's display of search results and sponsored links.

69. Google is making use in commerce of a mark that dilutes and is likely to dilute the distinctiveness of Parts.com's parts.com® mark by eroding the public's exclusive identification of the parts.com® mark with Parts.com, tarnishing and degrading the positive associations and connections of the parts.com® mark, and otherwise lessening the capacity of the parts.com® mark to identify and distinguish Parts.com's goods and services.

70. Google is causing and will continue to cause irreparable injury to Parts.com's goodwill and business reputation, and dilution of the distinctiveness and value of Parts.com's parts.com® mark in violation of California's Cal. Bus. & Prof. Code § 14247. Parts.com is therefore entitled to injunctive relief, compensatory and punitive damages, reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Parts.com prays that:

(a) Google and all of its agents, officers, employees, representatives, successors, assigns, and all other persons acting for, with, by, through, or under authority from Google, or in concert or participation with Google, be enjoined permanently from:

　　a. Using Parts.com's parts.com® mark or any other confusingly similar variation thereof to sponsor or link to the websites of any vendors other than that of Parts.com in connection with Google's business, search results, or services;

　　b. Using any trademark, logo, design, or source designation of any kind on, or in connection with, Google's business, search results, or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, Parts.com's parts.com® mark;

　　c. Using any trademark, logo, design, or source designation of any kind on or in connection with Google's business, search results, or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such business or services are provided, endorsed, sponsored, authorized, affiliated or associated with Parts.com;

　　d. Using any trademark, logo, design, or source designation of any kind on or in connection with Google's business, search results, or services that dilutes or is likely to dilute the distinctiveness of Parts.com's parts.com® mark; and

　　e. Passing off, palming off, or assisting in passing off or palming off Google's business, search results, or services as those of or sponsored by Parts.com, or

otherwise continuing any and all acts of unfair competition as alleged herein;

(b) Google be ordered to cease using, sponsoring, marketing, promoting and/or providing links to any vendors of goods or services bearing, using or associated with the parts.com® mark or any other confusingly similar variation thereof;

(c) Google be ordered to account to Parts.com for any and all profits and monies earned by Google from sponsoring links using the parts.com® mark as alleged herein;

(d) Google equired to pay Parts.com all monetary damages caused by Google;

(e) Parts.com's damages against Google be trebled and enhanced under 15 U.S.C. §§ 1117(a) and (b) based on Google's knowing and intentional use of a term that is confusingly similar to the parts.com® mark;

(f) Google be required to pay Parts.com the costs and reasonable attorneys' fees incurred by Parts.com in this action under 15 U.S.C. § 1117(a) and the state statutes cited herein;

(g) Parts.com be awarded punitive damages against Google for willful and deliberate infringement and/or dilution of Parts.com's parts.com® mark;

(h) Google be required to pay pre-judgment and post-judgment interest to Parts.com on all damages and profits awarded herein;

(i) Parts.com be awarded such other and further relief as the Court deems just and proper.

Dated:  May 6, 2013                SAN DIEGO IP LAW GROUP LLP


By: s/James V. Fazio, III
        JAMES V. FAZIO, III
     TREVOR Q. CODDINGTON, PH.D.


Attorneys for Plaintiff
PARTS.COM, LLC

-15-

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Parts.com, LLC hereby demands a trial by jury of all issues so triable.

Dated:  May 6, 2013              SAN DIEGO IP LAW GROUP LLP


By: s/James V. Fazio, III
　　　　JAMES V. FAZIO, III
　　　TREVOR Q. CODDINGTON, PH.D.

Attorneys for Plaintiff
PARTS.COM, LLC

-16-

**COMPLAINT**